NO









NO. 12-10-00132-CR

NO. 12-10-00133-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             '     

 

IN RE:
KENNETH LEON SNOW,                  '     ORIGINAL PROCEEDING

RELATOR

                                                                             '     

 





MEMORANDUM
OPINION ON REHEARING

            Kenneth
Leon Snow has filed a motion for rehearing, which is overruled.  However, we
withdraw our opinion dated June 30, 2010, and issue this opinion in its place.

            Relator
Kenneth Leon Snow seeks a writ of mandamus compelling the trial court to
withdraw his guilty plea in two cases, vacate his sentences, and return him to
the position he occupied prior to entering his guilty pleas.  We deny the
petition.

            In
1998, Relator was convicted of robbery (trial court cause number 241-80487-97)
and aggravated robbery (trial court cause number 241-80726-97) after pleading
guilty to both offenses.  He was granted deferred adjudication probation in
both cases pursuant to a plea bargain.  His deferred adjudication probation was
subsequently revoked, and he is presently serving a term of imprisonment that was
assessed upon revocation.[1] 


Relator
asserts in this original proceeding that, because he was convicted of
aggravated robbery, he was ineligible for deferred adjudication probation.  He
reasons that because of this ineligibility, the trial court’s grant of deferred
adjudication probation was void, as was the court’s subsequent revocation and
assessment of a term of imprisonment.  Therefore, he concludes, his guilty
pleas were involuntary and he is entitled to withdraw them and be returned to
the position he occupied before entering the pleas.  

 

 

 

When
presented with similar facts almost twenty years ago, the court of criminal
appeals held that it was “the only court with jurisdiction in final
post-conviction felony proceedings.”  See Ater v. Eighth Court of
Appeals, 802 S.W.241, 242-43 (Tex. Crim. App. 1991) (where defendant
contended original grant of probation was void as a matter of law because
probation not available for offense, and therefore subsequent plea and
judgments were void, court of appeals was without jurisdiction to grant
mandamus because defendant sought relief from final felony conviction); see
also Tex. Code Crim. Proc. Ann.  art.
11.07 (Vernon Supp. 2009).  Because the relief sought in Relator’s petition
relates to postconviction relief from an otherwise final felony conviction, we
are without jurisdiction to consider his petition for writ of mandamus. 
Accordingly, Relator’s petition is dismissed for lack of jurisdiction.

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered August 4, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] 
Relator did not appeal his convictions, but has furnished documentation that,
earlier this year, he filed an application for writ of habeas corpus in each
trial court cause number.  The court of criminal appeals dismissed each
application without written order according to its procedure for addressing
subsequent writ applications.  See Tex.
Code Crim. Proc. Ann. art. 11.07, § 4(a)–(c) (Vernon Supp. 2009).